# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50355
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Genaro Osorio-Granados,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-971-1

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Genaro Osorio-Granados appeals his conviction and sentence for illegal reentry after removal pursuant to 8 U.S.C. § 1326(a) and (b)(2). He contends that treating a prior felony or aggravated felony conviction that increases the statutory maximum sentence under § 1326(b) as a sentencing factor, rather than a separate element of the offense, is unconstitutional. He has filed an unopposed motion for summary disposition and a letter brief in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50355

which he concedes that his claim is foreclosed and asserts that he has raised the issue only to preserve it for further review.

As Osorio-Granados concedes, the sole issue that he raises on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper.

Therefore, the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.